# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

————

No. 16-10018

————

United States of America, ex rel; CURTIS LOCKEY, Relator; CRAIG MACKENZIE, Relator,

Plaintiffs - Appellants

v.

CITY OF DALLAS, TEXAS,

Defendant - Appellee

————

Appeal from the United States District Court
for the Northern District of Texas

————

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

Relators-Appellants Curtis Lockey and Craig MacKenzie (hereinafter "Relators") appeal from the district court's final judgment dismissing their action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33, against Defendant-Appellee, the City of Dallas. The district court held that Relators' suit is barred primarily by issue preclusion but also, in the alternative, by claim preclusion, based on the court's dismissal of Relators' previous suit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10018

against the City and the Dallas Housing Authority ("DHA") based on the FCA's public disclosure bar set out in 31 U.S.C. § 3730(e)(4)(A). (The public disclosure bar generally precludes an FCA suit when there has been a public disclosure of the allegations or transactions at issue unless the relator is an original source of the information, i.e., one with direct and independent knowledge.) We agree that Relators' action is barred by issue preclusion and therefore affirm.

In the previous suit,[1] Relators filed a complaint against the City and DHA (collectively "Defendants") asserting broad violations of Defendants' federal civil rights obligations relating to affordable housing, focusing especially on the obligation to affirmatively further fair housing. Defendants moved to dismiss for lack of subject matter jurisdiction pursuant to the FCA's public disclosure bar. Relators responded not only with a brief in opposition but various exhibits, including an extensive Joint Declaration setting out their firsthand experiences relating to their thwarted attempt to convert their building located in downtown Dallas, the LTV Tower, into affordable housing (the "LTV Project"). Ultimately, the district court admitted the Joint Declaration and other exhibits, converted the motion to dismiss into a motion for summary judgment, and granted Defendants' motion, dismissing the suit without prejudice.

On appeal, the Fifth Circuit affirmed.[2] The panel specifically discussed Relators' factual allegations concerning their personal experiences with the City relating to the City's alleged discriminatory practices relating to the LTV Project. It concluded that Relators failed to show, either under the original or amended version of the public disclosure bar statute, 31 U.S.C. § 3730(e)(4)(B), that they had firsthand knowledge, in part because the allegations concerning

---

[1] *See U.S. ex rel. Lockey v. City of Dallas, Tex.*, No. 3:11-CV-354-O, 2014 WL 36607 (N.D. Tex. Jan. 6, 2014).

[2] *See U.S. ex rel. Lockey v. City of Dallas*, 576 F. App'x 431 (5th Cir. 2014).

their personal experiences were dwarfed by the public disclosures concerning the Defendants' violation of federal civil rights obligations.[3] Thus, the panel affirmed in full.

On remand, Relators sought leave of the district court to file an amended complaint to overcome the public disclosure bar, but the district court denied them leave. Relators then filed the pleading, virtually unchanged, as this new action. The City of Dallas filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted, arguing that Relators' new action is barred by issue and/or claim preclusion. The district court granted the motion primarily on the basis of issue preclusion but also, in the alternative, on claim preclusion.

In essence, the district court found that Relators' new action simply restates their previous claim pertaining to the City's federal civil rights obligations more narrowly, pertaining specifically to Relators' personal experiences with the LTV Project. Under the test for issue preclusion,[4] the district court found: (1) the new action involves issues identical to the ones addressed in their previous action (i.e., whether the City's alleged violation of federal civil rights obligations had been publicly disclosed and whether Relators were an original source of those facts); (2) the issues were actually litigated; and (3) those issues were part of the judgment in the previous action.

On appeal, reviewing de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and accepting all well-pleaded facts

---

[3] The panel also held that the district court did not abuse its discretion in refusing to consider, on Relators' Rule 60(b)(2) motion, the purported "newly discovered evidence" of a HUD Letter of Findings of Non-Compliance against the City concerning the LTV Project. The panel found that not only was the HUD administrative complaint's focus narrower than Relators' action, but the HUD letter said nothing about whether Relators had direct and independent knowledge of the basis for their administrative complaint. *See id.* at 438.

[4] *See In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999) (setting out three-factor test).

3

No. 16-10018

as true and viewing them in the light most favorable to Relators,[5] we reach the same conclusion. We have carefully examined Relators' complaint at issue in the previous action; the Joint Declaration considered by both the district court and the Fifth Circuit in that proceeding; and the complaint in this action. Careful analysis shows that this action merely restates more narrowly the claims Relators already asserted in their previous action. The issues of the public disclosure bar and the nature of Relators' knowledge remain identical, despite Relators' attempts to distinguish the two actions. Both the district court and the Fifth Circuit fully considered those issues in the previous action, and those issues were essential to the judgment. Accordingly, we must conclude that Relators' present action is barred by issue preclusion. Because we conclude that issue preclusion applies, we decline to reach the question of claim preclusion.

AFFIRMED.

---

[5] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).